**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**JOHNELL DEMPSEY (#458759)**                                       **CIVIL ACTION**

**VERSUS**

**BURL CAIN, WARDEN, ET AL.**                                       **NO. 09-0666-JJB-CN**

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in chambers in Baton Rouge, Louisiana, July 8, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**JOHNELL DEMPSEY (#458759)**                              **CIVIL ACTION**

**VERSUS**

**BURL CAIN, WARDEN, ET AL.**                              **NO. 09-0666-JJB-CN**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion to Dismiss of defendants Burl Cain and Eric Hinyard, rec.doc.no. 15, the Motion for Summary Judgment of defendants Tyson Bonnette, Kelly Fagan, Jeremy McKey and "Unknown Minyard", rec.doc.no. 16, and the plaintiff's cross-motions for summary judgment, rec.doc.nos. 25 and 27.

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Warden Burl Cain, Lt.Col. Jeremy McKey, Major Tyson Bonnette, Major Eric Hinyard[1] and Mental Health Officer Kelly Fagan, complaining that his constitutional rights were violated in May, 2009, when he was falsely charged with a rule violation and ultimately punished with a transfer to disciplinary segregated confinement notwithstanding that there was no evidence to substantiate the charge against him.  In addition, the plaintiff complains of the conditions to which he was thereafter subjected in segregated confinement, and of the loss or deprivation of his personal property.

---

[1]  In his original Complaint, the plaintiff identified a "Major Minyard" as a defendant herein, but in his Amended Complaint, rec.doc.no. 9, the plaintiff made clear that he in fact intended to name "Major Hinyard" as the defendant.  Major Eric Hinyard has since been served and has appeared in this proceeding through the filing of the instant motion to dismiss and motion for summary judgment.  Accordingly, the Court interprets the plaintiff's Amended Complaint, rec.doc.no. 9, as substituting Major Eric Hinyard in the place of "Major Minyard" and will interpret the plaintiff's factual allegations as referring to Major Eric Hinyard in every instance that the plaintiff initially referred to "Major Minyard".

Addressing first the Motion to Dismiss of defendants Burl Cain and Eric Hinyard, rec.doc.no. 15, a claim is subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure if a plaintiff fails "to state a claim upon which relief can be granted."  In Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and more recently, in Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6).  The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]" Bell Atl. Corp. v. Twombly, supra, quoting Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  See also Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Notwithstanding, although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, a plaintiff must furnish "more than labels and conclusions" or the" formulaic recitation of the elements of a cause of action" in order to provide the "grounds" of "entitle[ment] to relief."  Bell Atl. Corp. v. Twombly, supra.  See also Papasan v. Allain, 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).  The Court stated that there is no "probability requirement at the pleading stage," Bell Atl. Corp. v. Twombly, supra, but "something beyond ... mere possibility ... must be alleged."  Id. The facts alleged in the Complaint "must be enough to raise a right to relief above the speculative level," or must be sufficient "to state a claim for relief that is plausible on its face," Id. (abandoning the "no set of facts" language set forth in Conley v. Gibson, supra).  A claim

is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, supra. Where a Complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." Erickson v. Pardus, supra. See also Bell Atl. Corp. v. Twombly, supra. Further, "[a] document filed pro se is to be liberally construed ... and a pro se Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, supra (citations omitted).

In his Complaint, the plaintiff alleges that defendant McKey issued him a false disciplinary report on May 5, 2009, which report accused the plaintiff of having committed the rape of a co-inmate.  Notwithstanding the seriousness of the offense charged, no investigation was undertaken according to the plaintiff, and he was thereafter found guilty of the offense at a disciplinary proceeding conducted on May 9, 2009, and was sentenced to disciplinary segregated confinement.  The plaintiff complains that he was denied due process at the disciplinary board hearing, which was chaired by defendants Bonnette and Fagan, because there was no evidence whatever to support the verdict and because his accuser, defendant McKey, was not present to testify. When the plaintiff thereafter appealed this decision, defendant Cain wrongly denied the appeal and, in doing so, violated prison rules by amending the offense charged from a violation of Rule 21(a) (non-consensual sexual act with a co-inmate) to a violation of Rule 21(c) (sexual misconduct between co-inmates).  The plaintiff also complains that when he was transferred to

administrative segregation after the incident, defendant Hinyard refused to allow him to take his legal and religious materials with him as was required by prison rules.  In addition, when his stored property was returned to him several months later, there were numerous items of legal and personal property missing from his belongings.  As a result, he remains without a soap dish or toothbrush holder, and he complains that this condition is unhygienic.

Initially, it is unclear from the plaintiff's Complaint whether he has named the defendants herein in their individual and/or their official capacities.  However, in light of the liberality with which this Court interprets the pleadings of pro se litigants, Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the Court interprets the plaintiff's Complaint as naming the defendants in both capacities. Notwithstanding, § 1983 does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties.  Neither a State, nor its officials acting in their official capacities, are "persons" under § 1983.  Will v. Michigan Department of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).  Thus, it is clear that the plaintiff fails to state a claim under § 1983 against the defendants in their official capacities.

Turning to the plaintiff's claims asserted against the defendants in their individual capacities, defendants Cain and Hinyard assert, in their motion to dismiss, rec.doc.no. 15, that the plaintiff has failed to allege personal participation by them in any violation of the plaintiff's constitutional rights.  In this regard,  pursuant to well-settled legal principles, in order for a prison official to be found liable under § 1983, the official must have been personally involved in conduct causing an alleged deprivation of constitutional rights, or there must be a causal connection between the actions of the official and the

constitutional violation sought to be redressed. Lozano v. Smith, 718 F.2d 756, at 768 (5th Cir. 1983). Any allegation that the defendants are responsible for the actions of their subordinates or co-employees is insufficient to state a claim under § 1983. Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

Applying this standard in connection with the plaintiff's claim asserted against defendant Cain, the Court concludes that the defendant's motion is well-founded. Although the plaintiff asserts that, in addressing the plaintiff's appeal from the referenced disciplinary charge, defendant Cain violated prison rules by amending the charge after the finding of guilt, essentially changing it from one of non-consensual sexual misconduct to one of consensual sexual misconduct, this claim is not one of constitutional dimension. A mere claim of the violation of prison rules or regulations is not actionable under § 1983. Jackson v. Cain, 864 F.2d 1235 (5th Cir. 1989). Further, the plaintiff does not have a protected liberty interest in prison disciplinary appeal proceedings which do not result in punishment that subjects him to an atypical and significant deprivation, evaluated in the context of prison life. Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). In Sandin, the Supreme Court held that a disciplinary sentence of placement in segregated confinement failed to rise to the level of a constitutional claim. The Court similarly concludes in the instant case that the plaintiff's disciplinary sentence – a transfer to maximum security disciplinary segregation – fails to rise to the level of an atypical and significant deprivation in the context of prison life. Accordingly, the plaintiff's claim in this regard fails to rise to the level of a constitutional violation.

Turning to the plaintiff's claims asserted against defendant

Hinyard, the plaintiff asserts that this defendant refused to allow the plaintiff to keep his religious and legal materials when he was transported to administrative segregation. This claim also fails to rise to the level of a constitutional violation. First, with regard to the plaintiff's legal materials, this claim implicates the plaintiff's First Amendment right to access to the courts. In this context, however, in order for the plaintiff to state a violation of his constitutional rights, he must allege that he has suffered some cognizable legal prejudice or detriment as a result of the challenged conduct. Crowder v. Sinyard, 884 F.2d 804 (5th Cir. 1989), cert. denied, 496 U.S. 924, 110 S.Ct. 2617, 110 L.Ed.2d 638 (1990), citing Howland v. Kilquist, 833 F.2d 639 (7th Cir. 1987). See also Lewis v. Casey, 511 U.S. 1066, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). In the instant case, the plaintiff has wholly failed to assert that he sustained any legal prejudice as a result of the defendant's conduct. He has not alleged, for example, that he was unable to file legal pleadings or that he missed any legal deadlines. Further, he acknowledges that his property was returned to him within several months after it was taken from him. Accordingly, he has failed to show any prejudice resulting from the defendant's alleged wrongful conduct sufficient to support a claim under § 1983.

With regard to the plaintiff's claim that defendant Hinyard deprived him of his Bible and religious materials, this claim implicates the plaintiff's First Amendment right to freedom of religion. In analyzing such claims, the Court is obliged to make an inquiry as to whether the actions taken by the defendant had more than a de minimis impact on the free exercise rights of the inmate. Put another way, the Court must determine whether the defendant's conduct placed a substantial burden on the inmate's right to freely exercise his religion, or merely created an

inconvenience and thereby did not make it impossible for him to exercise his religion freely. See Omar v. Casterline, 414 F.Supp.2d 582 (W.D. La. 2006). See also the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, et seq., at § 2000cc-1(a), which provides, in part, that "[n]o government shall impose a substantial burden on the religious exercise of a person ... confined to an institution ... unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." Thus, in order to state a claim under the jurisprudence or under RLUIPA, the plaintiff must show that the challenged action placed a substantial burden on his exercise of religion. While the statute does not define "substantial burden," the Fifth Circuit has stated, in the context of RLUIPA, that government action "... creates a 'substantial burden' on a religious exercise if it truly pressures the adherent to significantly modify his religious behavior and significantly violate his religious beliefs." Adkins v. Kaspar, 393 F.3d 559 (5th Cir. 2004), cert. denied, 545 U.S. 1104, 125 S.Ct. 2549, 162 L.Ed.2d 275 (2005). Whether the government action or regulation imposes a substantial burden on an adherent's exercise requires a case-by-case, fact-specific inquiry. Id. In the instant case, the deprivation of the plaintiff's Bible and other religious materials for a period of several months does not appear to have created a substantial burden because such deprivation did not apparently force the plaintiff to significantly modify his religious behavior or beliefs. Accordingly, the plaintiff fails to state a claim upon which relief may be granted as to this claim, and the claim is subject to dismissal for this reason.

Finally, to the extent that the plaintiff complains that, when his property was returned to him, several items of his legal and personal property were missing, this claim is not properly before the Court. Random and unauthorized deprivations of property by state officials do not violate the federal constitution if an adequate post-deprivation state remedy exists. Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); Hudson v. Palmer, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 383 (1984). Louisiana has ample remedies under which the plaintiff could have proceeded for recovery of his property or for reimbursement for its loss. Marshall v. Norwood, 741 F.2d 761 (5th Cir. 1984). Further, the mere fact that the plaintiff may not have a toothbrush holder and soap dish in his extended lockdown cell does not amount to a condition of confinement which rises to the level of an unnecessary and wanton infliction of pain that violates the Eighth Amendment. "The Constitution ...`does not mandate comfortable prisons, Rhodes v. Chapman, 452 U.S. 311, 101 S.Ct. 2392, 50 L.Ed.2d 251 (1981), and only those deprivations denying 'the minimal civilized measure of life's necessities' id., at 347, 101 S.Ct., at 2399, are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 2324, 115 L.Ed.2d 271 (1991) (requiring plaintiff to show a culpable state of mind on the part of prison officials when claiming that conditions of his confinement violate the Eighth Amendment.). This claim, therefore, is also subject to dismissal.

Turning to the parties' cross-motions for summary judgment, rec.doc.nos. 16, 25 and 27, and addressing the plaintiff's claims asserted against the remaining defendants, Jeremy McKey, Tyson Bonnette and Kelly Fagan, the defendants assert, relying upon the pleadings, a

Statement of Undisputed Facts, and the affidavit of Rhonda Z. Weldon, that the plaintiff has failed to exhaust administrative remedies relative to his claims and, in the alternative, that they are entitled to qualified immunity in connection therewith.  In this regard, summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.[2]  The party opposing the motion must designate specific evidence in the record, of sufficient caliber and quantity to create a genuine issue for trial, such that a rational trier of fact could return a verdict in the party's favor.[3]  Supporting affidavits must set forth facts which would be admissible in evidence.  Opposing responses must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e), Federal Rules of Civil Procedure.

Applying the above standard to the plaintiff's allegations, the Court concludes that there remain disputed issues of material fact which preclude the grant of summary judgment in connection with the plaintiff's claim asserted against these defendants.

First, the defendants contend that the plaintiff has failed to exhaust administrative remedies relative to his claims asserted against these defendants.  This assertion does not appear to be well-founded.  In the first place, neither the plaintiff nor the defendants have produced a copy of the plaintiff's disciplinary appeal proceedings in Appeal No. LSP-2009-0329, which is the disciplinary appeal taken by the plaintiff from the referenced disciplinary charge.  Accordingly, the Court is unable to determine whether and to what extent the plaintiff may

---

[2] Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 2552-55 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 2510-12 (1986); Rule 56(c), Fed.R.Civ.P.

[3] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 1356 (1986).

have exhausted any of his claims in that administrative proceeding. For this reason alone, the Court is unable to conclude that the plaintiff has failed to exhaust administrative remedies. Second, whereas the defendants have produced a copy of the administrative grievance filed by the plaintiff relative to the claims asserted herein, which grievance was summarily rejected by prison officials, it does not appear that the form rejecting this grievance provided any information to the plaintiff as to the reason for the rejection or the manner in which the plaintiff might resubmit the grievance in proper form. Instead, the form simply states that the grievance is "rejected", and the area on the form where the reason for such rejection is meant to be placed is left blank.

Pursuant to 42 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him at his place of confinement prior to the institution of suit in federal court relative to prison conditions. This provision is mandatory and allows for no exceptions. However, the statute explicitly states that only such administrative remedies "as are available" must be exhausted. See, e.g., Westefer v. Snyder, 422 F.3d 570 (7th Cir. 2005)(finding that inmate was not required to exhaust administrative remedies which were not available to him). In the instant case, the defendants rejected the plaintiff's administrative grievance without providing any reason for such rejection, without providing any opportunity for him to appeal to the second and final step of the administrative process, and without notifying him that he could resubmit his grievance in proper form. While the defendants now contend, in their motion, that the reason for the rejection was because the plaintiff's grievance dealt with "disciplinary matters", which are not addressable through the grievance process, this is an after-the-fact determination which was not then provided to the plaintiff. Moreover,

this contention by the defendants lends greater weight to the Court's conclusion, above, that a review of the plaintiff's disciplinary appeal proceedings is necessary and may reflect that the plaintiff exhausted his claims in those proceedings. Accordingly, the Court is unable to conclude that the plaintiff's claims are subject to dismissal for failure to exhaust administrative remedies.

Turning to the defendants' alternative argument that they are entitled to qualified immunity in connection with the plaintiff's claims, the Court concludes that there is also insufficient evidence before the Court to allow for a determination to be made in connection with this issue.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. Hale v. Townley, 45 F.3d 914 (5th Cir. 1995). As enunciated in Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendants' conduct violated the plaintiff's constitutional rights. Second, the district court looks to whether the rights allegedly violated were clearly established. This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. Id. In the instant case, the defendants assert that the plaintiff's claim fails in the first instance because he has failed to show that they participated in any violation of

his constitutional rights.[4]

The defendants' arguments are not persuasive.  Although the plaintiff is not entitled to procedural due process protections in connection with his disciplinary appeal proceedings, Sandin v. Conner, supra, in order for a prison disciplinary decision to pass constitutional muster, there must be "some evidence" to show that the inmate committed the offense in question.  Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985).  Although the "some evidence" standard is extremely deferential, see Morgan v. Dretke, 433 F.3d 455 (5th Cir. 2005), and thus, "[a]scertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses or weighing of the evidence," the relevant question is "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."  Id.  Indeed, even if the evidence is "meager", so long as there is "some evidence" to support the findings of the disciplinary board, the board's decision must be upheld.  Id.

In the instant case, all that the Court has before it to show that there may have been "some evidence" to support the disciplinary charge and punishment is a copy of the disciplinary report itself, which merely charges the plaintiff with "Contraband" and with an "Aggravated Sex Offense".  There is no description of the incident included in the report and no factual statement by the reporting officer as to what the officer

---

[4] The United States Supreme Court has recently held that rigid chronological adherence to the Saucier two-step methodology is no longer mandatory.  Pearson v. Callahan, ___ U.S. ___, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009).  Although the Saucier methodology will be "often beneficial", the Callahan Court leaves to the lower courts discretion as to the order in which they may wish to address the two prongs of the qualified immunity analysis.

observed to support the issuance of the report.  Although the "some evidence" standard may be met with a written report authored by a security officer with first-hand eyewitness knowledge of the events described therein, see Hudson v. Johnson, 242 F.3d 534 (5th Cir. 2001) (an incident report written by officer with first hand knowledge, standing alone, constituted "some evidence" to support prison disciplinary board's finding of guilt), the disciplinary report in the instant case does not provide any factual information whatever to support the charges.  Nor did the reporting officer apparently appear at the disciplinary board hearing to testify regarding what he observed, which testimony would likewise have been sufficient to satisfy the "some evidence" test.  See Sharp v. Quarterman, 204 Fed.Appx. 475 (5th Cir. 2006).  Accordingly, on the record before the Court at the present time, there is nothing to show that even the meager amount of evidence necessary to support a finding of guilt was presented to the disciplinary board for review.  On this showing, the Court is unable to conclude that these defendants were justified in finding the plaintiff guilty of the offenses charged against him.  For this reason, the defendants' Motion for Summary Judgment must be denied.

Turning to the plaintiff's motions for summary judgment, rec.doc.nos. 25 and 27, the Court notes that the plaintiff argues principally therein that the factual assertions contained in his Complaint should be deemed admitted because these assertions have not been specifically denied by the defendants in a responsive pleading as mandated by Rule 8(b)(6) of the Federal Rules of Civil Procedure.  This contention is not persuasive.  Although Rule 8 requires the timely filing of a responsive pleading which denies the allegations of the Complaint, Rule 12 extends the time for such filing when a motion to dismiss is filed, and the defendants are thereafter entitled to file a responsive

pleading when the motion to dismiss has been ruled upon. See Fed.R.Civ.P. Rule 12(a)(4). The same principle has been applied in connection with the filing of a motion for summary judgment. See Brooks v. Menifee, 2010 WL 774079 (W.D. La. March 4, 2010) (holding that where the plaintiff's claims were "opposed in the defendants' summary judgment motion", the defendants were not deemed to have admitted the allegations of the plaintiff's Complaint). And with regard to the substantive assertions contained in the plaintiff's motions, these assertions amount principally to conclusory statements in contradiction of the defendants' factual assertions and do not independently support a grant of summary judgment in favor of the plaintiff on these claims. Accordingly, the plaintiff's motions for summary judgment should also be denied.

Finally, the plaintiff seeks to invoke the supplemental jurisdiction of this court. District courts, however, may decline to exercise supplemental jurisdiction over a plaintiff's state law claims if the claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, based upon the record herein, the Court concludes that it is appropriate for the Court to decline to exercise supplemental jurisdiction over the plaintiff's state law claims.

## RECOMMENDATION

It is recommended that the Court decline to exercise supplemental jurisdiction over the plaintiff's state law claims, that the plaintiff's claims asserted against the defendants in their official capacities be dismissed, and that the Motion to Dismiss of defendants Burl Cain and Eric Hinyard be granted, dismissing the plaintiff's claims asserted

against these defendants, with prejudice.  It is further recommended that the cross-motions for summary judgment of the plaintiff and defendants Jeremy McKey, Tyson Bonnette and Kelly Fagen, rec.doc.nos. 16, 25 and 27, be denied, and that this action be referred back for further proceedings in connection with the plaintiff's claims asserted against these defendants in their individual capacities.

Signed in chambers in Baton Rouge, Louisiana, July 8, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**