# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**JOHNELL DEMPSEY (#458759)**　　　　　　　　　　　　**CIVIL ACTION**

**VERSUS**

**BURL CAIN, WARDEN, ET AL.**　　　　　　　　　　　　**NO. 09-0666-JJB-CN**

## NOTICE

　　Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

　　In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

　　ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

　　Signed in chambers in Baton Rouge, Louisiana, April 18, 2011.

　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**JOHNELL DEMPSEY (#458759)**                          **CIVIL ACTION**

**VERSUS**

**BURL CAIN, WARDEN, ET AL.**                          **NO. 09-0666-JJB-CN**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the parties cross-motions for summary judgment, rec.doc.nos. 33 and 34.

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Warden Burl Cain, Lt.Col. Jeremy McKey, Major Tyson Bonnette, Major Eric Hinyard and Mental Health Officer Kelly Fagan, complaining that his constitutional rights were violated in May, 2009, when he was falsely charged with two rule violations and ultimately punished with a transfer to disciplinary segregated confinement, notwithstanding that there was no evidence to substantiate the charges against him. In addition, the plaintiff complained of the denial of procedural due process in connection with his disciplinary proceedings, of the deprivation and loss of his legal, religious and personal property, and of the conditions to which he was thereafter subjected in segregated confinement. Pursuant to earlier Report and Recommendation in this case, approved by the District Judge on August 4, 2010, see rec.doc.nos. 29 and 31, the plaintiff's claims against Burl Cain and Eric Hinyard have been dismissed, as have the plaintiff's claims arising under state law and his claims asserted against the remaining defendants in the defendants' official capacities.[1]

---

[1] Inasmuch as the plaintiff's claims (1) of the denial of procedural due process, (2) of the deprivation and loss of his legal, religious and personal property, and (3) of the conditions to which he was thereafter subjected in segregated confinement were asserted only

The plaintiff moves for summary judgment, relying upon the pleadings, a Statement of Undisputed Facts, a copy of a disciplinary report dated May 5, 2009, authored by defendant McKey, a copy of an Appeal Decision issued by the Warden's Office in connection with the plaintiff's disciplinary report, a copy of the first page of the defendants' Opposition to the plaintiff's Motion to Compel, a copy of a Lockdown Review Summary dated October 4, 2010, and a copy of a newspaper article dated August 28, 2007, entitled "Magistrate Finds Lockdown for Angola 3 Cruel".

The defendants move for summary judgment, relying upon the pleadings, a Statement of Undisputed Facts, certified copies of the plaintiff's disciplinary proceedings arising from the incident of May 5, 2009, a certified copy of the disciplinary proceedings of co-inmate Michael Marsh relative to the incident of May 5, 2009, a compact disc on which is an audio recording of the disciplinary board hearing relative to the disciplinary report issued May 5, 2009, and the affidavits of defendants Jeremy McKey and Tyson Bonnette.

Summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Celotex Corporation v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Supporting affidavits must set forth facts which would be admissible in evidence, and opposing responses must set forth specific facts showing that there is a genuine issue for trial. If the

---

against defendants Cain and Hinyard, the prior Ruling of this Court, granting the motions to dismiss of these two defendants, effectively dismissed these claims as well.

moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. Anderson, supra.

As pertinent to the issue remaining before this Court, the plaintiff alleges in his Complaint that defendant McKey issued the plaintiff a false disciplinary report on May 5, 2009, which report accused the plaintiff of having committed the rape of a co-inmate. Notwithstanding the seriousness of the offense charged, no investigation was undertaken according to the plaintiff, and he was thereafter found guilty of the offense at a disciplinary proceeding conducted on May 9, 2009, and was sentenced to disciplinary segregated confinement. The plaintiff complains that he was denied due process at the disciplinary board hearing, which was chaired by defendants Bonnette and Fagan, and that defendant Bonnette exhibited bias toward the plaintiff in finding the plaintiff guilty of the charged offenses.

Upon a review of the parties submissions and the applicable law, the Court concludes that the defendants' motion should be granted. From a review of the evidence submitted, it appears that the plaintiff was accused on May 5, 2009, not of "rape", but of an "Aggravated Sex Offense" as defined in the prison Rulebook, as well as possession of contraband in the form of cigarette tobacco and a cigarette lighter.[2] According to the disciplinary report issued that date, defendant McKey observed the plaintiff standing at the bars of a co-inmate's cell and observed the co-

---

[2] A District Court may take judicial notice of the record in prior related proceedings. Missionary Baptist Foundation of America, Inc. v. Wilson, 712 F.2d 206 (5th Cir. 1983). The Court hereby takes judicial notice of the prisoner rule book approved by this Court in Hayes Williams v. John McKeithen, et al., CA 71-98-B (MD La.), affirmed, 547 F.2d 1206 (5th Cir. 1977).

inmate engaging in oral sex with the plaintiff. In addition, a subsequent search of the plaintiff's cell disclosed the presence of the contraband above-noted. Although the plaintiff complains that the report issued by defendant McKey was false, the law is clear that, without more, allegations that an inmate plaintiff has been wrongly reported or punished for conduct which he did not commit or of which he is innocent do not, without more, amount to a denial of due process. See <u>Collins v. King</u>, 743 F.2d 248 (5th Cir. 1984). Further, even if procedural rules were not scrupulously adhered to at the plaintiff's disciplinary board hearing, as the plaintiff suggests, both because his accuser was not present at the hearing and because no "mandatory" investigation was conducted into the charges, the United States Supreme Court has held that prison disciplinary proceedings fail to implicate a constitutionally protected liberty interest unless the resulting punishment subjects the inmate to an atypical and significant deprivation (evaluated in the context of prison life) in which the State might conceivably have created a liberty interest for the benefit of the inmate. <u>Sandin v. Conner</u>, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). In <u>Sandin</u>, the Supreme Court held that a disciplinary sentence of placement in segregated confinement failed to rise to the level of a constitutional claim. In the instant case, this Court similarly concludes that the plaintiff's disciplinary sentence – **a transfer to maximum security disciplinary segregation** - failed to result in an atypical and significant deprivation in the context of prison life. Accordingly, the plaintiff's claims relative to the allegedly false disciplinary report and the denial of procedural due process regard during his disciplinary board proceedings fail to rise to the level of a constitutional violation.

The plaintiff also complains that he was denied substantive due

process in connection with the disciplinary charges and punishment because there was absolutely no evidence to support the finding of guilt against him. In this regard, in order for a prison disciplinary decision to pass constitutional muster, there must be "some evidence" to show that the inmate committed the offense in question. <u>Superintendent, Massachusetts Correctional Institution v. Hill</u>, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). The "some evidence" standard is extremely deferential, <u>see</u> <u>Morgan v. Dretke</u>, 433 F.3d 455 (5th Cir. 2005), and thus, "[a]scertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses or weighing of the evidence." <u>Id.</u> The relevant question is "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." <u>Id.</u> Indeed, even if the evidence is "meager", the board's decision must be upheld so long as there is "some evidence" to support the finding of guilt. <u>Id.</u>

In the instant case, it appears that there was "some evidence" to support the disciplinary charges and punishment. The defendants have introduced a copy of the disciplinary report, which was read into the record at the plaintiff's disciplinary board hearing, charging the plaintiff with committing an "Aggravated Sex Offense" and with possession of "Contraband" on May 5, 2009. The report states that defendant McKey personally observed the plaintiff standing at the bars of a co-inmate's cell on that date, engaging in oral sex with the co-inmate. The report further states that upon a subsequent search of the plaintiff's cell, defendant McKey found an envelope containing cigarette tobacco and a cigarette lighter. Although the plaintiff complains that defendant McKey was not present at the plaintiff's disciplinary board hearing, the law is clear that the "some evidence" standard may be met with a written

report authored by a security officer with first-hand eyewitness knowledge of the events described therein, see Hudson v. Johnson, 242 F.3d 534 (5th Cir. 2001) (an incident report written by officer with first hand knowledge, standing alone, constituted "some evidence" to support prison disciplinary board's finding of guilt). Accordingly, the written statement of defendant McKey provided the evidence necessary to support the finding of guilt.

The plaintiff also complains that by finding him guilty of engaging in sex with a co-inmate, the defendants have effectively labeled him as a "sex offender", which may have collateral consequences in the form of reporting requirements upon release and/or adverse consideration before the parole board. He asserts that he therefore has a protected liberty interest in not being labeled a "sex offender". This claim is without merit. The courts of this Circuit have held that the imposition of allegedly false disciplinary charges against inmates, accusing them of engaging in sex offenses in prison, do not fundamentally alter the due process analysis applicable to such claims. As noted in Ordaz v. Martin, 5 F.3d 529 (5th Cir. 1993), a claim of this type "is indistinguishable from a malicious prosecution claim ... [and] [e]ven assuming that there is a federally protected right to be free from malicious prosecutions (including false disciplinary charges in the confines of a state prison), ... 'a plaintiff may not state a claim under § 1983 for malicious prosecution absent proof that the prosecution terminated in his favor.'" See also Clayborne v. MDOC, 2009 WL 929305 (S.D. Miss., April 2, 2009) (same). In the instant case, the plaintiff has not alleged that the charges levied against him have been overturned. Accordingly, there is no basis for the plaintiff's claim in this regard. See also Harper v. Goodwin, 162 Fed.Appx. 304 (5th Cir. 2006) (dismissing as frivolous

inmate's claim relative to an allegedly false claim of sexual misconduct, finding that "[t]his allegation is insufficient to invoke the Constitution").

Finally, the plaintiff asserts that defendant Bonnette exhibited bias toward the plaintiff during the referenced disciplinary proceedings. This assertion, however, is wholly conclusory. All that the plaintiff asserts in this regard is that, whenever he has been subjected to serious disciplinary charges and punishment at LSP, such punishment has been imposed by defendant Bonnette. Notwithstanding, an inmate may not be heard to complain of bias in disciplinary proceedings merely because a member of the disciplinary board has previously been involved with another matter involving the plaintiff. See, e.g., Frank v. Larpenter, 234 F.3d 706 (5th Cir. 2000) (holding that a prison disciplinary board does not violate due process by punishing a detainee who has previously filed and settled a lawsuit against one of its members). Accordingly, the Court finds this claim by the plaintiff to be wholly unsupported and without substantive merit.

Having found that the defendants' motion should be granted, the Court concludes that the plaintiff's motion should be denied. He offers nothing more than conclusory assertions that the disciplinary charges levied against him were false, that the hearing officers at the disciplinary board hearing were biased against him, and that there is a supposed history at LSP of certain officers charging inmates with false sex offense charges. He does not address the critical issue before the Court of whether there was "some evidence" before the disciplinary board to support the finding of guilt. Accordingly, he has provided no evidence which persuades the Court that he is entitled to judgment in his favor or that deters the Court from its conclusion that the defendants

are so entitled.[3]

RECOMMENDATION

It is recommended that the plaintiff's Motion for Summary Judgment, rec.doc.no. 33, be denied, that the defendants' Motion for Summary Judgment, rec.doc.no. 34, be granted, and that this action be dismissed, with prejudice.

Signed in chambers in Baton Rouge, Louisiana, April 18, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[3] Although the plaintiff complains in his motion of his continued confinement in extended lockdown and of the deprivation of due process in connection with subsequent lockdown review board determinations, the Court has previously concluded that these claims are not before the Court. See rec.doc.no. 28.