UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHNELL DEMPSEY (#458759)                           CIVIL ACTION

VERSUS

BURL CAIN, WARDEN, ET AL.                           NO. 09-0666-JJB-CN

## O R D E R

This matter comes before the Court on the plaintiff's Emergency Motion to Intervine [sic], rec.doc.no. 40, pursuant to which he seeks an Order compelling the defendants to "cease and decest [sic] all intimidation, reprisals, retaliation, and all forms of punishment." This motion shall be interpreted as a motion for preliminary injunctive relief.

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Warden Burl Cain, Lt.Col. Jeremy McKey, Major Tyson Bonnette, Major Eric Hinyard and Mental Health Officer Kelly Fagan. As pertinent to the remaining issues and defendants before the Court, the plaintiff complains that his constitutional rights were violated in May, 2009, when he was falsely charged with two rule violations, when he was denied procedural due process in connection with his disciplinary proceedings, and when he was ultimately punished with a transfer to disciplinary segregated confinement.

In the instant motion, the plaintiff now prays for injunctive relief, complaining that on an unspecified date, he was issued a false disciplinary report by a prison official (Sgt. Beaudrax -- not named as a defendant herein), charging him with a work offense. In addition, the plaintiff complains that after he was found guilty in connection with the referenced report, a second official (Capt. James Morris -- also not named as a defendant in this proceeding) subjected the plaintiff to

excessive force through the use of irritant spray. The plaintiff asserts that these actions were taken in retaliation for his filing of the instant civil action, and he prays for an order compelling prison officials to cease their retaliatory conduct.

The plaintiff is not entitled to injunctive relief. First, the prison officials who allegedly engaged in the above-described wrongful conduct are not named as defendants in this proceeding, and accordingly, the plaintiff's assertion that their conduct was motivated in retaliation for the instant lawsuit is wholly conclusory and unsupported. Second, the plaintiff has failed to allege any facts suggesting that a failure to grant him injunctive relief will result in irreparable injury to him, which injury is a prerequisite for the grant of injunctive relief. See Canal Authority v. Callaway, 489 F.2d 567 (5th Cir. 1974). Instead, it appears that any injury sustained by the plaintiff as a result of the alleged wrongful conduct is likely to be minor and may be compensated for monetarily in a separate civil action. Accordingly, the plaintiff has failed to establish any of the four elements which would warrant injunctive relief in this case, (1) irreparable injury, (2) an absence of harm to the defendant if injunctive relief were granted, (3) an interest consistent with the public good, or (4) a likelihood of success on the merits. Canal Authority v. Callaway, supra. Therefore;

**IT IS ORDERED** that the plaintiff's motion for injunctive relief, rec.doc.no. 40, be and it is hereby **DENIED**.

Baton Rouge, Louisiana, this 18th day of April, 2011.

JAMES J. BRADY
UNITED STATES DISTRICT JUDGE